Matter of Jahshanty L. C. (Forestdale, Inc.) (2020 NY Slip Op 00121)





Matter of Jahshanty L. C. (Forestdale, Inc.)


2020 NY Slip Op 00121


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-15071
2018-15072
 (Docket Nos. B-10632-16, B-10633-16)

[*1]In the Matter of Jahshanty L. C., also known as Jahshanty C., also known as Jashanty C. (Anonymous). Forestdale, Inc., respondent; Ann-Marie N. M., also known as Annmarie M., also known as Ann M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Jahime L. C., also known as Jahime C. (Anonymous). Forestdale, Inc., respondent; Ann-Marie N. M., also known as Annmarie M., also known as Ann M., (Anonymous), appellant. (Proceeding No. 2.)


Robin Stone Einbinder, Jamaica, NY, for appellant.
Rosin Steinhagen Mendel PLLC, New York, NY (Melissa Wagshul of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from (1) an order of the Family Court, Queens County (Connie Gonzalez, J.), dated October 26, 2018, and (2) an order of the same court dated November 15, 2018. The order dated October 26, 2018, after a hearing, determined that the mother violated the terms of a suspended judgment, dated March 9, 2018. The order dated November 15, 2018, insofar as appealed from, revoked the suspended judgment, terminated the mother's parental rights, and transferred the custody and guardianship of the subject children to the Commissioner of the Administration for Children's Services and Forestdale, Inc., for the purpose of adoption.
ORDERED that the order dated October 26, 2018, is affirmed, without costs or disbursements; and it is further
ORDERED that the order dated November 15, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008). Here, we agree with the court's determination that a preponderance of the evidence established that the mother failed to comply with the conditions of the suspended judgment issued in this matter during the one-year term of the suspended judgment (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d at 1129; Matter of Carmen C. [Margarita N.], 95 AD3d at 1008; Matter of Darren V., 61 AD3d 986, 987). Thus, we agree with the court's determination to revoke the suspended judgment.
We agree with the Family Court's determination that the best interests of the children would be served by terminating the mother's parental rights and freeing them for adoption (see Matter of Charle C.E. [Chiedu E.], 129 AD3d 721, 722).
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court