Matter of Sean CJ Ivan W. (Danica W.) (2020 NY Slip Op 00600)





Matter of Sean CJ Ivan W. (Danica W.)


2020 NY Slip Op 00600


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-01231
 (Docket No. B-16889-15)

[*1]In the Matter of Noel Sean CJ Ivan W. (Anonymous), also known as Noel W. (Anonymous). Little Flower Children and Family Services of New York, respondent; 
and
Danica W. (Anonymous), appellant.


Lauri Gennusa, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated December 14, 2018. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in 2006 and was placed in foster care in 2007. In August 2015, Little Flower Children and Family Services of New York (hereinafter the petitioner) commenced this proceeding to terminate the mother's parental rights on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court issued an order of fact-finding and disposition determining, inter alia, that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4][d]; [7][a]). The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent [*2]efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429). Here, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the child. These efforts included providing the mother with referrals for counseling and parenting classes, discussing with the mother the service plan and the importance of complying with it, providing referrals to a housing specialist in an attempt to get her public housing, and scheduling and supervising parental access. Despite those efforts, the mother failed to plan for the return of the child, as she did not complete all of the required services and failed to gain insight from those she did complete. Accordingly, we agree with the Family Court's determination that the mother permanently neglected the child (see Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869, 870; Matter of Ankhenaten Amen-Ra C. [Adanna J.C.], 170 AD3d 998, 999).
Contrary to the mother's contention, the applicable time period under Social Services Law § 384-b need not be the year immediately preceding the filing of the petition (see Matter of Star Leslie W., 63 NY2d 136, 146-147). Furthermore, with respect to the mother's contention regarding the credibility of the case worker, we note that "credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (Matter of Amber L.M. [Cheryl M.], 167 AD3d 746, 747 [internal quotation marks omitted]; see Matter of Irene O., 38 NY2d 776, 777), and we decline to disturb the Family Court's credibility findings.
The mother's contention that she was deprived of a fair trial as a result of leading questions that introduced hearsay is unpreserved for appellate review (see Matter of Culberson v Fisher, 130 AD3d 827, 829; Matter of Lucinda A. [Luba A.], 120 AD3d 492, 494).
We also agree with the Family Court's determination that it was in the child's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the child for adoption (see Family Ct Act § 631; Matter of Innocence A.M.-F. [Khadijah N.M.-P.], 173 AD3d at 870). "A suspended judgment would not be in the best interests of the child, as it would serve only to prolong the delay of stability and permanence in the child's living situation" (Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
The mother's remaining contentions are either unpreserved for appellate review or without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court