Matter of Dariuss M. D.-B. (Darnell B.) (2020 NY Slip Op 05747)





Matter of Dariuss M. D.-B. (Darnell B.)


2020 NY Slip Op 05747


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-02584
 (Docket No. B-19124/14)

[*1]In the Matter of Dariuss M. D.-B. (Anonymous). Edwin Gould Services for Children and Families, petitioner-respondent; Darnell B. (Anonymous), appellant, et al., respondent.


Deana Balahtsis, New York, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated January 30, 2019. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in March 2013, and he was placed in foster care five days later. On or about September 29, 2014, Edwin Gould Services for Children and Families (hereinafter the petitioner) commenced this proceeding, inter alia, to terminate the parental rights of the father on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court issued an order an order of fact-finding and disposition which, among other things, found that the father permanently neglected the child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father appeals.
In order for the Family Court to find that the father permanently neglected the child, the petitioner was required to show, by clear and convincing evidence, that, for a period of one year following the child's placement with the agency, the father failed to "substantially and continuously or repeatedly" maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (Social Services Law § 384-b[7][a]; see Social Services Law § 384-b[4][d]). A threshold inquiry in a proceeding to terminate parental rights based upon permanent neglect is whether the agency demonstrated that it made diligent efforts to [*2]encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 373). These efforts must include reasonable attempts at providing the parent with counseling, visits with the child, service referrals, and updates on the child's progress, as well as any other measures that would encourage and strengthen the parent-child relationship (see Social Services Law 384-b[4][d]; [7][f]; Matter of Star Leslie W., 63 NY2d 136, 142).
Here, the petitioner met its initial burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship between the father and the child. These efforts included, inter alia, scheduling weekly parental access for the father, referring him to services he needed in order to complete his service plan, and reminding him regularly of the necessity to visit with the child and complete the services (see Social Services Law § 384-b[7][f]; see also Matter of Mateo M.Q. [Jessica Q.], 185 AD3d 1037, 1038; Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079; Matter of Stefano E.W. [Stephen J.W.], 172 AD3d 882, 883).
The petitioner also established by clear and convincing evidence that the father permanently neglected the child. Where the agency has fulfilled its obligation to exercise diligent efforts to encourage and strengthen the relationship of the parent and child, "the parent must maintain contact with the child and also realistically plan for her [or his] future. A default in performing either may support a finding of permanent neglect. Insubstantial or infrequent contacts with the child are insufficient" Matter of Star Leslie W., 63 NY2d at 142-143 [citations omitted]; see Social Services Law § 384-b[7][b]). Here, the petitioner presented evidence that during the relevant year, despite its diligent efforts to assist, the father had only sporadic contact with the child, and there were entire months in which there was no contact at all. There is no basis to disturb the Family Court's finding that the father's explanation for his failure to maintain contact with the child was not credible (see Matter of Noel Sean CJ Ivan W. (Danica W.), 179 AD3d at 1079). Accordingly, the father's failure to maintain substantial and frequent contact with the child for at least one year was sufficient to support the finding of permanent neglect (see Matter of Riyanna N.F. [Crystal M.S.—Angelina F.], 170 AD3d 1009, 1011; Matter of George R. [Samantha M.], 162 AD3d 1041, 1043; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895).
We agree with the Family Court's determination that it was in the child's best interests for the father's parental rights to be terminated and the child freed for adoption. The child had been in the same foster home for nearly his entire life, he and the foster mother had a positive and nurturing relationship, and the father had seen the child in person only once or twice in the two years before the dispositional hearing. Thus, it was in the child's best interests for the father's parental rights to be terminated and the child freed for adoption (see Family Ct Act § 631; Matter of Riyanna N.F. [Crystal M.S.—Angelina F.], 170 AD3d at 1011; Matter of George R. [Samantha M.], 162 AD3d at 1043).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court