Matter of Elizabeth M. G. C. (Maria L. G. C.) (2021 NY Slip Op 00169)





Matter of Elizabeth M. G. C. (Maria L. G. C.)


2021 NY Slip Op 00169


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-09994 
2019-09998
2019-10008
 (Docket Nos. B-11008-18, B-11009-18, B-11010-18)

[*1]In the Matter of Elizabeth M. G. C. (Anonymous), etc. Sheltering Arms Children and Family Services, respondent; Maria L. G. C. (Anonymous), etc., appellant. (Proceeding No. 1.)
In the Matter of Isaias G. (Anonymous). Sheltering Arms Children and Family Services, respondent; Maria L. G. C. (Anonymous), etc., appellant. (Proceeding No. 2.)
In the Matter of Issamir A. M. G. (Anonymous), etc. Sheltering Arms Children and Family Services, respondent; Maria L. G. C. (Anonymous), etc., appellant. (Proceeding No. 3.)


Catherine S. Bridge, Staten Island, NY, for appellant.
Dawn M. Shammas, New York, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.) (one as to each child), all dated August 14, 2019. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The subject children, who are now 13, 6, and 4 years old, have been in foster care for most of their lives. In June 2018, the petitioner commenced these proceedings to terminate the mother's parental rights. After fact-finding and dispositional hearings, the Family Court issued three orders of fact-finding and disposition, which determined, inter alia, that the mother permanently [*2]neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The mother appeals.
Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4]; [7][a]; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Gregory A.J. [Gregory J.], 170 AD3d 1017, 1018). Here, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the children. These efforts included providing the mother with referrals for mental health counseling and parenting classes, discussing with the mother the importance of her compliance with the service plan, monitoring the mother's progress in the programs, and scheduling and supervising visitation. Despite those efforts, the mother failed to plan for the return of the children as she did not complete all of the required services and failed to gain any insight from those she did complete.
Accordingly, we agree with the Family Court's determination that the mother permanently neglected the children (see Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1079; Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869, 870).
We also agree with the Family Court's determination that it was in the children's best interests to terminate the mother's parental rights and to free the children for adoption (see Family Ct Act § 631; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1080; Matter of Innocence A. M.-F. [Khadijah N. M.-F.], 173 AD3d at 870). Contrary to the mother's contention, a suspended judgment would not be in the best interests of the children, as they have lived in foster care almost their entire lives and a suspended judgment would only prolong the delay of stability and permanence in their living situations (see Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1080; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856). Further, the record supports the court's determination that the best interests of the children would be served by freeing them for adoption by their respective foster parents, with whom they have bonded and resided with for several years (see Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Xiomara D. [Faith D.], 141 AD3d 585, 585).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court