Matter of Skylah R. (Heather S.) (2022 NY Slip Op 07445)

Matter of Skylah R. (Heather S.)

2022 NY Slip Op 07445

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-06142
 (Docket No. B-2854-19)

[*1]In the Matter of Skylah R. (Anonymous). Suffolk County Department of Social Services, respondent; Heather S. (Anonymous), appellant.

Del Atwell, East Hampton, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Heather A. Fig, Bayport, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated August 13, 2021. The order of fact-finding and disposition, upon an order of the same court dated December 16, 2019, made after a fact-finding hearing, and upon an order of the same court dated August 13, 2021, made after a dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from the order dated August 13, 2021, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated August 13, 2021 (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In 2019, the petitioner, Suffolk County Department of Social Services, commenced this proceeding to terminate, on the ground of permanent neglect, the mother's parental rights. The petitioner alleged, among other things, that the mother failed to adequately address her substance abuse problem. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
"Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child [*2]relationship" (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; see Social Services Law § 384-b[4][d]; [7][a]; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). The credibility findings made by the Family Court at a hearing are entitled to great deference (see Matter of Jarlin M. [Jaris D.S.]; 198 AD3d 652, 653; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726).
Here, the petitioner met its initial burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject child. The efforts included, inter alia, referring the mother to outpatient substance abuse programs and scheduling supervised visitation with the child (see Matter of Dariuss M.D.-B. [Darnell B.], 187 AD3d 904, 906; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1079). The petitioner also established by clear and convincing evidence that, despite those efforts, the mother failed to plan for the return of the child, as she did not complete all of the required services (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 731).
Contrary to the mother's contention, the evidence at the dispositional hearing demonstrated that terminating her parental rights and freeing the child for adoption, as opposed to entering a suspended judgment, was in the best interests of the child (see Family Ct Act § 631; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 915; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732).
The mother's remaining contention is without merit.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court