Matter of Daniel J. L. (Sayid L.) (2023 NY Slip Op 01004)

Matter of Daniel J. L. (Sayid L.)

2023 NY Slip Op 01004

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-01438
2022-01440
 (Docket Nos. B-16909-18, B-12881-19, AS-12208-21, AS-12210-21)

[*1]In the Matter of Daniel J. L. (Anonymous). Heartshare St. Vincent's Services, petitioner-respondent;
and
Sayid L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Coleen C. L. (Anonymous). Heartshare St. Vincent's Services, petitioner-respondent; Sayid L. (Anonymous), appellant, et al., resondent. (Proceeding No. 2)

Lisa A. Manfro, Glen Gove, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Joan N. G. James, Brooklyn, NY, attorney for the children.

DECISION & ORDER
In related proceedings, inter alia, pursuant to Social Services Law § 384-b, the father appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.) (one as to each child), both dated February 7, 2022. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The subject children, who were born in 2015 and 2018, have been in foster care since days after their births. The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights. After fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
Generally, to establish that a parent has permanently neglected a child, an agency [*2]must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4], [7][a]; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079). The threshold inquiry in a proceeding to terminate parental rights on the ground of permanent neglect is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Gregory A.J. [Gregory J.], 170 AD3d 1017, 1018).
Here, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the father's relationship with the children. These efforts included providing the father with referrals for outpatient drug rehabilitation, anger management, and mental health services programs, discussing with the father the importance of his compliance with the service plan, monitoring the father's progress in the programs, and scheduling and supervising parental access. Despite these efforts, the father failed to plan for the return of the children, as he did not attend and complete all of the required programs and failed to consistently visit the children. Accordingly, the Family Court properly found that the father permanently neglected the children (see Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1079).
The Family Court also properly determined that it was in the children's best interests to terminate the father's parental rights and to free the children for adoption (see Family Ct Act § 631; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d at 1080). Contrary to the father's contention, a suspended judgment would not be in the best interests of the children, as they have lived in foster care their entire lives, and a suspended judgment would only further delay stability and permanence in their living situations (see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856). 
Contrary to the father's contention, the orders of fact-finding and disposition set forth findings of fact in compliance with CPLR 4213(b).
The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court