Matter of Joel K.S. (Duane S.) (2023 NY Slip Op 03792)

Matter of Joel K.S. (Duane S.)

2023 NY Slip Op 03792

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2021-07920
 (Docket Nos. B-2628-19/20B, B-2631-19/20B)

[*1]In the Matter of Joel K. S. (Anonymous). Nassau County Department of Social Services, respondent; Duane S. (Anonymous), appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Daniel P. Schumeister of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert V. Van der Waag and Samantha A. Goetz of counsel), for respondent.
Adrienne Flipse Hausch, Mineola, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated September 27, 2021. The order, insofar as appealed from, after a hearing, found that the father violated the terms and conditions of a suspended judgment dated October 17, 2019, revoked the suspended judgment, and terminated the father's parental rights.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born prematurely in 2017, and has been in the same kinship foster home since his release from the neonatal intensive care unit four months later. The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to, inter alia, terminate the father's parental rights to the child on the ground of permanent neglect. On October 17, 2019, a suspended judgment was entered with certain terms and conditions, including that the father consistently visit the child and attend all of the child's medical appointments and school meetings.
The petitioner subsequently alleged that the father failed to comply with certain terms and conditions of the suspended judgment. After a hearing, the Family Court, among other things, found that the father failed to comply with the terms and conditions of the suspended judgment, terminated his parental rights, and transferred custody and guardianship of the child to the Commissioner of Social Services of Nassau County for the purpose of adoption. The father appeals.
"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions" (Matter of Jahshanty L.C. [Ann-Marie N.M.], 179 AD3d 672, 672). "When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that [*2]progress has been made to overcome the specific problems which led to the removal" of the child" (Matter of Marish G. [Maria E.G.], 215 AD3d 966, 966). "[A] parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (Matter of Deysanni H. [Deysanna H.], 156 AD3d 699, 700). "The parent must also have gained insight into the problems that were preventing the child['s] return to his or her care" (Matter of Marish G. [Maria E.G.], 215 AD3d at 966). "An order of disposition shall be made . . . solely on the basis of the best interest of the child, and there shall be no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631). "The best interests of the child remain relevant at all stages of a proceeding to terminate parental rights on the ground of permanent neglect, including proceedings for the revocation of a suspended judgment" (Matter of Ashantewa P.W.L. [Doris L.], 174 AD3d 714, 714).
Here, a preponderance of the evidence established that the father failed to comply with the conditions of the suspended judgment during its one-year term and that he failed to demonstrate that he had made progress to overcome the specific problems which led to the removal of the child (see Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766, 768; Matter of Gabriel M.I. [Steven M.I.], 160 AD3d 858, 859). Thus, the Family Court properly revoked the suspended judgment.
Furthermore, the best interests of the child would be served by terminating the father's parental rights and freeing the child for adoption (see Matter of Daniel J.L. [Sayid L.], 213 AD3d 939, 940; Matter of Hope J. [Fatima M.], 191 AD3d 673, 674). The child's foster mother has cared for the child since he was four months old and has provided him with a stable and loving home, which is the only home he has ever known (see Matter of Daniel J.L. [Sayid L.], 213 AD3d at 940; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
The father's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court