Matter of Amir E. (Audrianna W.) (2024 NY Slip Op 02192)

Matter of Amir E. (Audrianna W.)

2024 NY Slip Op 02192

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-10599
 (Docket No. B-13517-18/20A)

[*1]In the Matter of Amir E. (Anonymous), nonparty-appellant. Westchester County Department of Social Services, petitioner-respondent; Audrianna W. (Anonymous), respondent-appellant, et al., nonparty.

William Martin, White Plains, NY, for respondent-appellant.
Scott Stone, White Plains, NY, attorney for the child, the nonparty-appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals, and the subject child separately appeals, from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 12, 2022. The order, after a hearing, inter alia, terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The subject child was born in December 2011. In May 2012, the child was removed from the mother's care. In December 2018, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the child on the ground of permanent neglect. The mother consented to a suspended judgment.
In March 2020, the petitioner filed a violation petition, alleging that the mother failed to comply with the terms and conditions of the suspended judgment and seeking to terminate the mother's parental rights. After a hearing, the Family Court, among other things, terminated the mother's parental rights. These appeals ensued.
Contrary to the mother's contention, the evidence adduced at the hearing supported the Family Court's determination that the best interests of the child would be served by terminating the mother's parental rights (see Matter of Joel K.S. [Duane S.], 218 AD3d 589; Matter of Sameeya H.L.W. [Renee L.], 207 AD3d 553; Matter of Ashwantewa P.W.L. [Doris L.], 174 AD3d 714; Matter of Kafayat N.D. [Karlene N.D.], 174 AD3d 600).
The child's contention on appeal is without merit.
The mother's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court