SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**623**

**CAF 10-00755**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF COLINIA D.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

THOMAS F., RESPONDENT-RESPONDENT.
------------------------------------------------
IN THE MATTER OF COLINIA D.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

THOMAS F., RESPONDENT-RESPONDENT.
------------------------------------------------
IN THE MATTER OF THOMAS F., PETITIONER,

                        V

ERIE COUNTY CHILDREN'S SERVICES, RESPONDENT.
------------------------------------------------
CHARLES D. HALVORSEN, ESQ., ATTORNEY FOR THE
CHILD, APPELLANT.

MEMORANDUM AND ORDER

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

SEAN DENNIS HILL, BUFFALO, FOR RESPONDENT-RESPONDENT.

---

    Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered March 30, 2010 in proceedings pursuant to
Social Services Law § 384-b and Family Court Act article 6.  The
order, inter alia, dismissed the petitions.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  The Attorney for the Child appeals from an order
entered following a fact-finding hearing that, inter alia, dismissed
the petitions of Erie County Department of Social Services
(petitioner), seeking to terminate the parental rights of the father
with respect to the child who is the subject of these consolidated

proceedings. The Attorney for the Child contends that, contrary to Family Court's determination, petitioner established "by clear and convincing evidence that it . . . fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373; *see* Social Services Law § 384-b [7] [a]). We reject that contention. To fulfill that duty, petitioner was required to determine the particular problems facing the father with respect to the care of his child and to "make affirmative, repeated, and meaningful efforts to assist [him] in overcoming [those] handicaps" (*Sheila G.*, 61 NY2d at 385). "The agency should mold its diligent efforts to fit the individual circumstances so as to allow the parent to provide for the child's future" (*Matter of Austin A.*, 243 AD2d 895, 897 [internal quotation marks omitted]). The subject child, who is now 18 years old, has severe Down syndrome. Based on the evidence presented by petitioner at the hearing, we agree with the court that petitioner "failed to tailor its efforts to the needs of this particular parent and child" (*Matter of Maria Ann P.*, 296 AD2d 574, 575; *see Matter of Patricia C.*, 63 AD3d 1710, 1711).

We note that the court also dismissed the father's petition seeking custody of the child, whose mother is deceased, and the father has not cross-appealed from the order. Thus, the child remains in foster care with the family that sought to adopt her.

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court