Matter of Xavier Blade Lee Billy Joe S. (Josefina S.) (2020 NY Slip Op 06196)





Matter of Xavier Blade Lee Billy Joe S. (Josefina S.)


2020 NY Slip Op 06196


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Docket No. B7087/14 Appeal No. 11929&M-3154 Case No. 2019-1648 

[*1]In re Xavier Blade Lee Billy Joe S., etc., and Another, Dependent Children Under Eighteen Years of Age, etc., The Children's Aid Society, Petitioner-Appellant, Josefina S., Respondent-Respondent. The Arc, the Autistic Self-Advocacy Network, the Civil Rights and Enforcement Center, Disability Rights Advocates, Professor Robyn M. Powell, and Professor Charisa Smith, Amici Curiae.


Rosin Steinhagen Mendel, PLLC, New York (Douglas H. Reiniger of counsel), for appellant.
Mary Anne Mendenhall, The Bronx Defenders, Bronx (Saul Zipkin of counsel), and Wilmer Cutler Pickering Hale and Dorr LLP, New York (Brittany Llewellyn of counsel), for respondent.
Larry S. Bachner, New York, attorney for the child, Xavier S.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), attorney for the child Claudia C.
Family Defense Clinic, NYU School of Law, New York (Amy Mulzer and Christine Gottlieb, of counsel), and the Disability & Civil Rights Clinic, Brooklyn Law School, Brooklyn (Sarah Lorr, of counsel), for, The Arc, the Autistic Self-Advocacy Network, the Civil Rights and Enforcement Center, Disability Rights Advocates, Professor Robyn M. Powell, and Professor Charisa Smith, amici curiae.



Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about January 9, 2019, which dismissed the petition to terminate the parental rights of respondent mother as to the subject children Xavier S. and Claudia S., unanimously affirmed, without costs.
As discussed in Family Court's well-reasoned decision, petitioner did not meet its burden of showing that it exercised diligent efforts to strengthen the parent-child relationship and reunite the family (Social Services Law § 384-b[7]). To satisfy its obligation, the agency must offer services adapted to the particular needs of the parent and children (see Matter of Shelia G., 61 NY2d 368, 385 [1984]; Matter of Colinia D. [Thomas F.], 84 AD3d 1755 [4th Dept 2011]). Here, petitioner does not address its failure to assign this matter, which involved a cognitively impaired mother, to a caseworker with relevant expertise, or ensure that its caseworker was appropriately trained or consulted at the outset with individuals with relevant expertise in devising the mother's service plan. Nor does petitioner adequately acknowledge its failure to expand visitation, but justifies it based on its caseworker's safety concerns, and provides no reason to revisit Family Court's determination that those concerns were exaggerated. Petitioner further fails to address the logistical challenges presented by the visitation space provided for the mother and her four special needs children.
Petitioner also did not refer the mother to ongoing day habilitation services offered by the Office for People with Developmental Disabilities (OPWDD). Petitioner became aware that the mother should have such services in October 2012, but the caseworker testified that she was unaware OPWDD offered such services and was not familiar with how to refer an adult to OPWDD. Furthermore, the record shows that the mother substantially completed the services to which she had been referred.
As amici curiae note, people with intellectual disabilities possess the ability to be successful parents and should receive services and support appropriately tailored to their needs.
We have considered petitioner's remaining arguments and find them unavailing. M-3154 - In re S., Children
Motion by The Arc, the Autistic Self-Advocacy Network, the Civil Rights and Enforcement Center, Disability Rights Advocates, Professor Robyn M. Powell, and Professor Charisa Smith for file leave to file a brief as amici curiae granted and the brief accepted as filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020