Matter of Kamiah J. N. H. (Katrina H.) (2023 NY Slip Op 05260)

Matter of Kamiah J. N. H. (Katrina H.)

2023 NY Slip Op 05260

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-04080
 (Index No. B-16875-19)

[*1]In the Matter of Kamiah J. N. H. (Anonymous). Heartshare St. Vincent's Services, respondent;
and
Katrina H. (Anonymous), appellant.

Brooklyn Defender Services, Brooklyn, NY (Chas Budnick and Amy Mulzer of counsel), for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated May 6, 2022. The order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated November 29, 2021, made after a fact-finding hearing, and upon a decision of the same court dated April 8, 2022, made after a dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found, inter alia, that the mother had permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals, arguing, in substance, that the court erred in determining that the petitioner met its burden at the fact-finding hearing to establish it fulfilled its statutory duty to make diligent efforts to encourage and strengthen the parent-child relationship between the mother and the child.
As an initial matter, contrary to the mother's contention, the Family Court applied the correct legal standard for determining whether the petitioner exercised diligent efforts to strengthen the parental relationship under Social Services Law § 384-b. "[B]efore terminating a parent's rights the State must first attempt to reunite the parent with [his or] her child. Thus, the threshold inquiry by the court in any neglect proceeding must be whether the agency exercised diligent efforts to strengthen the parental relationship" (Matter of Star Leslie W., 63 NY2d 136, 142; see Matter of Sheila G., 61 NY2d 368, 380-381; Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733). "Those efforts must include counseling, making suitable arrangements for visitation, providing [*2]assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" (Matter of Star Leslie W., 63 NY2d at 142; see Social Services Law § 384-b[7][f]; Matter of Shimon G. [Batsheva G.], 206 AD3d at 733). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (Matter of Sheila G., 61 NY2d at 385; see Matter of Gabriel B.S.-P. [Franklin S.], 136 AD3d 619, 622; see also Matter of Xavier Blade Lee Billy Joe S. [Josefina S.], 187 AD3d 659, 660; Matter of Michael E., 241 AD2d 635, 637).
Here, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the relationship between the mother and the child. These efforts included, inter alia, scheduling twice-weekly parental access, referring the mother to services she needed in order to complete her service plan, helping her to obtain services through the Office of People with Developmental Disabilities, and reminding her regularly of the necessity to visit with the child and complete the services (see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733-34; Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657; Matter of Dariuss M.D.-B. [Darnell B.], 187 AD3d 904, 906).
Despite these efforts, the record demonstrates that the mother failed to consistently attend her mental health therapy sessions and missed scheduled visits with the child without adequate explanation (see Matter of Sheila G., 61 NY2d at 385). In sum, the Family Court did not err in determining, as a threshold matter, that the petitioner fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship (see id.).
Accordingly, we affirm the order of fact-finding and disposition insofar as appealed from.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court