Matter of Nevaeh N. (Heidi O.) (2023 NY Slip Op 05292)

Matter of Nevaeh N. (Heidi O.)

2023 NY Slip Op 05292

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

534699
[*1]In the Matter of Nevaeh N., Alleged to be a Permanently Neglected Child. Cortland County Department of Social Services, Respondent; Heidi O., Appellant. (Proceeding No. 1.)
In the Matter of Nevaeh N., Alleged to be a Permanently Neglected Child. Cortland County Department of Social Services, Respondent; Cornelius N., Appellant. (Proceeding No. 2.)

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for Heidi O., appellant.
Lisa K. Miller, McGraw, for Cornelius N., appellant.
Cortland County Department of Social Services, Cortland (Keith I. Cassidy of counsel), for respondent.
Thomas G. Shannan, Ithaca, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Cortland County (Julie A. Campbell, J.), entered December 28, 2021, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondents' parental rights.
Respondent Heidi O. and respondent Cornelius N. (hereinafter the father) are the parents of a child (born in 2020). The child was removed from respondents' custody when the child was four days old because respondents were abusing drugs and had inappropriate housing. In 2021, petitioner commenced these proceedings seeking termination of respondents' parental rights on the basis of permanent neglect. Following fact-finding and dispositional hearings, Family Court found that the child was permanently neglected and terminated respondents' parental rights. This appeal ensued.
Regarding the adjudication of permanent neglect, petitioner bore the burden of proving by clear and convincing evidence that, first, it made diligent efforts to encourage and strengthen the relationship between respondents and the child and that, second, respondents failed to adequately plan for the child's future despite being able to do so (see Matter of Isaac Q. [Kimberly R.], 212 AD3d 1049, 1050-1051 [3d Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065, 1070 [3d Dept 2018], lvs denied 32 NY3d 908 [2018], 32 NY3d 908 [2018]). As to the initial evidentiary requirement, the fact-finding hearing testimony reflects that petitioner arranged visitation between the child and respondents through a third-party agency and that respondents were referred to parenting classes and counseling for mental health and substance abuse issues. A caseworker with petitioner testified that she kept apprised of respondents' progress from the relevant agencies, arranged progress meetings with respondents and communicated with them to keep them engaged with classes or counseling. The caseworker also testified that services were provided to respondents so that they could obtain suitable and safe housing and that she gave them bus passes or drove them herself to assist them with transportation. In view of the foregoing, petitioner met its threshold burden (see Matter of Dawn M. [Michael M.], 174 AD3d 972, 973-974 [3d Dept 2019], lv denied 34 NY3d 907 [2020]; Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1115 [3d Dept 2015], lv denied 26 NY3d 903 [2015]).
Petitioner also established by clear and convincing evidence that respondents failed to adequately plan for the child's future despite being able to do so (see Matter of Isabella H. [Richard I.], 174 AD3d 977, 980-981 [3d Dept 2019]; Matter of Kapreece SS. [Latasha SS.], 128 AD3d at 1115; Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1005 [3d Dept 2015], lv denied 25 NY3d 904 [2015]). The record discloses that respondents missed at least half of the scheduled visitations with the child[*2]. Multiple times, respondents did not call the agency to advise it that they would not be coming in for a scheduled visitation and, on one occasion, respondents missed visitation because they overslept. During one visitation, the father was under the influence of an illicit substance and, during another one, the father only engaged sporadically with the child. Respondents also did not complete the offered substance abuse or mental health counseling and missed multiple parenting classes. Indeed, they were both unsuccessfully discharged from substance abuse counseling, and the father admitted that he "just didn't feel like doing it." The testimony from the fact-finding hearing also reflects that respondents failed to obtain suitable housing and did not attend some family team meetings. Accordingly, the determination that respondents permanently neglected the child is supported by a sound and substantial basis in the record (see Matter of Isaac Q. [Kimberly R.], 212 AD3d at 1053; Matter of Isabella H. [Richard I.]. 174 AD3d at 981; Matter of Summer G. [Amy F.], 93 AD3d 959, 961 [3d Dept 2012]).
The father's argument that Family Court erred in taking judicial notice of prior neglect proceedings and orders that involved him, as well as his prior criminal convictions, is unpreserved in the absence of a timely objection (see Matter of Benjamin v Benjamin, 48 AD3d 912, 914 [3d Dept 2008]). Regardless, even if preserved, any error by the court was harmless (see Matter of Jase M. [Holly N.], 190 AD3d 1238, 1242 [3d Dept 2021], lvs denied 37 NY3d 901 [2021]; Matter of Anjoulic J., 18 AD3d 984, 987 [3d Dept 2005]; Matter of Justin EE., 153 AD2d 772, 774 [3d Dept 1989], lv denied 75 NY2d 704 [1990]). The father also argues that the court erred in admitting certain substance abuse treatment records because they lacked a certification required by Family Ct Act § 1046 (a) (iv). The certification requirement of that statute, however, does not apply to the instant proceedings, which seek the termination of parental rights under Social Services Law § 384-b (see Matter of Shirley A.S. [David A.S.], 90 AD3d 1655, 1655 [4th Dept 2011], lv denied 18 NY3d 811 [2012]). Even if the court erred in admitting these records, it was harmless error.
"Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child, and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (Matter of Zaiden P. [Ashley Q.], 211 AD3d 1348, 1355 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 911 [2023], lv denied 39 NY3d 911 [2023]). The caseworker testified at the dispositional hearing that respondents did not seem to understand why the child was removed from their care. The evidence further discloses that respondents did not consistently engage in substance abuse or mental health counseling, parenting classes or visitation [*3]with the child. Although respondents blamed the lack of transportation as an excuse for missing counseling classes or visitation with the child, the caseworker testified that she provided respondents with bus passes. Notably, Family Court did not credit respondents' excuse and found that respondents were no closer to being able to care for the child than they were when the child was removed from their custody. Meanwhile, at the time of the dispositional hearing, the child had resided with her foster parent for four months. The foster parent testified that the child had no issues transitioning into her care, was healthy and got along with the other children in the household. The foster parent also expressed a willingness to be an adoptive resource for the child, and the caseworker testified that she did not have any concerns about the foster parent's home or ability to meet the child's needs. Based on the foregoing, and deferring to the court's choice among dispositional options, the decision to terminate respondents' parental rights will not be disturbed (see Matter of Jahvani Z. [Thomas V.-Mariah Z.], 168 AD3d 1146, 1151 [3d Dept 2019], lv denied 33 NY3d 902 [2019]; Matter of Keadden W. [Hope Y.], 165 AD3d 1506, 1509 [3d Dept 2018], lv denied 32 NY3d 914 [2019]; Matter of Zyrrius Q. [Nicole S.], 161 AD3d 1233, 1235 [3d Dept 2018], lv denied 32 NY3d 903 [2018]). The remaining contentions have been considered and are unavailing.
Lynch, J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.