Matter of Nikole V. (Norman V.) (2024 NY Slip Op 00949)

Matter of Nikole V. (Norman V.)

2024 NY Slip Op 00949

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

535485
[*1]In the Matter of Nikole V. and Another, Alleged to be Permanently Neglected Children. Albany County Department for Children, Youth and Families, Respondent; Norman V., Appellant.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Michelle I. Rosien, Philmont, for appellant.
Eugenia Koutelis Condon, County Attorney, Albany (Daniel C. McGinn of counsel), for respondent.
Christopher J. Obstarczyk, Latham, attorney for the children.

Pritzker, J.
Appeal from an order of the Family Court of Albany County (Amy E. Joyce, J.), entered May 13, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.
Respondent (hereinafter the father) is the father of two children (born in 2017 and 2018). Shortly after their births, both children were removed from the care and custody of the father and the mother and placed with different foster families, where they have resided ever since. In December 2019, petitioner filed a petition to terminate the father's parental rights on the basis of permanent neglect. Following fact-finding and dispositional hearings, Family Court found that the children were permanently neglected and terminated the father's parental rights. The father appeals.
Initially, the father concedes that his appeal from the dispositional order is moot since, during the pendency of this appeal, the children have been adopted. Thus, while any challenge to Family Court's disposition has been rendered moot, a challenge to the adjudication of permanent neglect is not moot given the "permanent and significant stigma which is capable of affecting a parent's status in potential future proceedings" (Matter of Matthew C., 227 AD2d 679, 680 [3d Dept 1996]; see Matter of Iyanna KK. [Edward KK.], 141 AD3d 885, 886 [3d Dept 2016]; Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172 [3d Dept 2010], lv denied 14 NY3d 714 [2010]).
In a permanent neglect proceeding, the petitioner "[bears] the burden of proving by clear and convincing evidence that, first, it made diligent efforts to encourage and strengthen the relationship between [the] respondent[ ] and the child" (Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1070 [3d Dept 2023]; see Matter of Kamiah J.N.H. [Katrina H.], 220 AD3d 861, 862 [2d Dept 2023]). "To satisfy that burden, the agency must develop a plan that is realistic and tailored to fit the respondent's individual situation" (Matter of Willow K. [Victoria L.], 218 AD3d 851, 852 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Austin A., 243 AD2d 895, 896-897 [3d Dept 1997]). "Such efforts should be designed to address the problems that led to the children's removal, and to strengthen the family relationship and may include assisting the parent[ ] with visitation, providing information on the children's progress and development, and offering counseling and other appropriate educational and therapeutic programs and services" (Matter of Dawn M. [Michael M.], 174 AD3d 972, 973 [3d Dept 2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 907 [2020]; see Matter of Chloe B. [Sareena B.], 189 AD3d 2011, 2012 [3d Dept 2020]). "In assessing whether petitioner has demonstrated permanent neglect, we accord great weight to the factual findings and credibility [*2]determinations of Family Court, and its findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Ryan J. [Taylor J.], 222 AD3d 1207, 1209 [3d Dept 2023] [citations omitted]).
At the fact-finding hearing, petitioner presented testimony from the father's caseworker, his clinician from the Albany Prevention Program and a foster care family specialist from Berkshire Farm. The father testified on his own behalf. Testimony from petitioner's witnesses demonstrated that they were working with the father to monitor and assist him in reaching requirements set forth in a prior order of supervision entered relative to a previous neglect proceeding. These requirements included undergoing a mental health evaluation and following any recommendations therefrom, completing parenting and anger management programs, obtaining and maintaining a safe, stable and clean home, participating in supervised visitation and acknowledging the reasons why the children were removed from the father's care and custody. To aid the father in accomplishing the requirements, petitioner and the service providers referred the father to various services, including a prevention program, mental health care, anger management services and a parenting program. The father was also offered assistance in his attempt to find regular employment and suitable housing. Additionally, regular meetings were held to discuss the father's progress and keep him apprised of the children's progress and development. Supervised visitation with the children was also facilitated. Testimony demonstrated that the father was provided with transportation assistance, primarily in the form of bus tokens, to attend supervised visitation with the children, medical appointments, mental health treatment and job interviews. Although the father "did not appreciably benefit from or meaningfully improve following these efforts, petitioner was obligated to only make reasonable efforts, and it will be deemed to have fulfilled its obligation if appropriate services are offered but the parent . . . does not progress" (Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1003-1004 [3d Dept 2017] [internal quotations marks and citations omitted]; see Matter of Dawn M. [Michael M.], 174 AD3d at 973). Moreover, although the father asserts that petitioner did not engage in diligent efforts by failing to provide him with certain accommodations he required due to physical limitations, the record does not demonstrate that he ever asked for any accommodations. "Accordingly, Family Court's determination that petitioner made diligent efforts to encourage and strengthen [the father's] relationship with the children is amply supported in the record" (Matter of Chloe B. [Sareena B.], 189 AD3d at 2013 [citations omitted]; see Matter of Nevaeh N. [Heidi O.], 220 AD3d at 1071).
"Once diligent efforts have been shown, the petitioner must then prove by clear and convincing evidence that the respondent failed [*3]to substantially plan for the child[ren]'s future" (Matter of Issac Q. [Kimberly R.], 212 AD3d 1049, 1051 [3d Dept 2023] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 913 [2023]; see Matter of Ryan J. [Taylor J.], 222 AD3d at 1210). "A parent plans for the future by utilizing available medical, social and psychological services as needed and providing a stable and adequate home environment" (Matter of Chloe B. [Sareena B.], 189 AD3d at 2013 [internal quotation marks and citations omitted]; see Matter of Makayla I. [Sheena K.], 201 AD3d 1145, 1148 [3d Dept 2022], lvs denied 38 NY3d 903 [2022], 38 NY3d 903 [2022]). "The plan for the children 'must be realistic and feasible,' as good faith alone is insufficient" (Matter of Arianna K. [Maximus L.], 184 AD3d 967, 969-970 [3d Dept 2020], quoting Matter of Dawn M. [Michael M.], 174 AD3d at 974).
Although the testimony demonstrated that the father completed a parenting program and anger management, he continued to find himself in situations he characterized as "chaotic" and that involved physical violence and, at trial, he minimized his role in these incidents. The father also did not establish safe, stable and clean housing. Testimony demonstrated that he continued living with the children's mother despite characterizing it as not being "conducive to [his] mental health." Although he also testified that he did eventually find a new living situation, the record demonstrates that he did not report this change to petitioner or his other service providers nor was it safe and stable for the children. Despite admitting that he had suffered mental health problems his whole life, he failed to engage in and complete mental health treatment. While he did complete multiple evaluations, he missed appointments without rescheduling, which led to his discharge. The father explained that he could not complete the mental health treatment because of side effects from prescribed medications, but Family Court did not find this testimony to be convincing. Testimony also demonstrated that visitation with the children had not progressed due to a significant number of missed visits, leaving early on multiple occasions and needing to regularly "go outside to get air." When the father did attend visits, he was unprepared as he failed to bring diapers and formula for the younger child and snacks for the older child; instead he relied on the foster parents to provide these things. While no conversation was had about the father's visitation increasing, testimony demonstrated that had that conversation occurred, such a request would have been denied due to safety concerns. It is abundantly clear from the record that the father loves the children, wants to be their parent and put in a good faith effort to plan for them, however his plans were neither realistic nor feasible (see Matter of Dustin D. [Paul D.], 222 AD3d 1250, 1253 [3d Dept 2023]; Matter of Issac Q. [Kimberly R.], 212 AD3d at 1053). "Accordingly[*4], when deferring to Family Court's credibility determinations, we conclude that there is a sound and substantial basis in the record to support the permanent neglect finding" (Matter of Issac Q. [Kimberly R.], 212 AD3d at 1053-1054 [citations omitted]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.