Matter of Remi-Radell J. C.-G. (Shamica M. C.) (2024 NY Slip Op 01918)

Matter of Remi-Radell J. C.-G. (Shamica M. C.)

2024 NY Slip Op 01918

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2023-00890
 (Docket No. B-130-20)

[*1]In the Matter of Remi-Radell J. C.-G. (Anonymous). Children's Aid, respondent; Shamica M. C. (Anonymous), appellant.

Austin I. Idehen, Jamaica, NY, for appellant.
Rosin Steinhagen Mendel PLLC, New York, NY (Marion C. Perry of counsel), for respondent.
Larry S. Bachner, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated November 21, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother abandoned and permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In January 2020, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child, who was born in August 2016 and placed with foster parents in February 2018, on the grounds of abandonment and permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother abandoned and permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that she abandoned the child for the six-month period before the petition was filed (see id. § 384-b[4][b]; Matter of Annette B., 4 NY3d 509, 513). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Julius P., 63 NY2d 477, 481; see Matter of "Baby Boy" N. [Albert N.], 163 AD3d 570, 572). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child (see Matter of Gabrielle HH., 1 NY3d [*2]549, 550; Matter of Julius P., 63 NY2d at 481). Here, the mother's sporadic and insubstantial contacts with the petitioner during the relevant six-month period were insufficient to defeat the showing of abandonment (see Matter of "Baby Boy" N. [Albert N.], 163 AD3d at 572).
The petitioner additionally established, by clear and convincing evidence, that the mother permanently neglected the child. Contrary to the mother's contention, the record demonstrates that the petitioner made diligent efforts to strengthen the mother's parental relationship with the child by developing an appropriate service plan, scheduling parental access, providing referrals to the mother for required programs and treatment, and explaining the importance of complying with the plan (see Matter of Kamiah J.N.H. [Katrina H.], 220 AD3d 861, 862; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959). The record further demonstrates that, despite these efforts, the mother failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Matter of Kamiah J.N.H. [Katrina H.], 220 AD3d at 863; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959).
Moreover, the Family Court did not err in declining to grant a suspended judgment (see Matter of King-Osiris A.T. [Isis S.], 224 AD3d 839; Matter of Dayyan J.L. [Dayyan L.], 145 AD3d 1007, 1008; see also Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
The mother's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court