Matter of Carlo A. v Pamela B. (2025 NY Slip Op 05727)

Matter of Carlo A. v Pamela B.

2025 NY Slip Op 05727

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-23-1890
[*1]In the Matter of Carlo A., Petitioner,
v
Pamela B., Appellant.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Sandra M. Colatosti, Albany, for appellant.
Anthony Casale, Gloversville, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Montgomery County (Michael Dayian, J.), entered September 22, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2011). Pursuant to a September 2014 consent order, the parties shared joint legal custody of the child, with the mother having primary physical custody, subject to the father's parenting time consisting of alternate weekends and two weekday overnights, plus such other and further parenting time as agreed upon. In January 2023, the father filed an order to show cause seeking to modify the 2014 order alleging, among other reasons, that the mother subjected the child to domestic violence, has stayed in abusive relationships, has abused the child, has been the subject of a neglect proceeding, has an unstable housing history and has prevented him from having contact with the child. Following a fact-finding hearing, Family Court found a sufficient change in circumstances to warrant modification of the prior custody order, and, based on the best interests of the child, awarded the parties joint legal custody,[FN1] granted the father primary physical custody of the child, with alternate weekends and one weekday overnight parenting time to the mother, plus alternate weekly parenting time to the mother during the summer. The mother appeals.
On this appeal, the mother has advanced only one argument, namely, that Family Court erred in taking judicial notice of a prior neglect proceeding that involved the mother and the resultant order of adjournment in contemplation of dismissal, and further asserts that the court mischaracterized the order as a finding of neglect.[FN2] This issue, however, is unpreserved in the absence of a timely and appropriate objection (see CPLR 4017; Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1071-1072 [3d Dept 2023], lv denied 41 NY3d 903 [2024]; Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1165 n [3d Dept 2023]). Regardless, even if preserved, "[i]t is well settled that a court may take judicial notice of its own prior proceedings and orders and is vested with broad discretion in determining the parameters for proof to be accepted at the hearing" (Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1341 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Jase M. [Holly N.], 190 AD3d 1238, 1242 [3d Dept 2021], lvs denied 37 NY3d 901 [2021], 37 NY3d 901 [2021]). As such, we find no error in the court's action. Moreover, the record confirms that in addition to taking judicial notice of the prior proceeding, the court considered the totality of the evidence, including the mother's testimony, in making its determination (see Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1502-1503 [3d Dept 2019], lv denied 34 NY3d 904 [2019]; Matter of Shirley v Shirley, 101 AD3d [*2]1391, 1394 [3d Dept 2012]). We further find no evidence in the record to support the mother's contention that the court misconstrued or mischaracterized the order of adjournment in contemplation of dismissal. As no other issues were raised, we affirm Family Court's order (see Matter of Constance NN., 47 AD3d 986, 986 [3d Dept 2008]).
Garry, P.J., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father was granted final decision-making authority on all issues should the parties be unable to reach an agreement.
Footnote 2: The attorney for child, who represented the child at the hearing and on this appeal, submitted a brief setting forth his position that the mother did not preserve her argument for failure to object at trial. At oral argument, the attorney reiterated his position.