Matter of Navyiah Sarai U. (2022 NY Slip Op 07241)

Matter of Navyiah Sarai U.

2022 NY Slip Op 07241

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-06366
 (Docket No. B-1867-19)

[*1]In the Matter of Navyiah Sarai U. (Anonymous). Forestdale, Inc., respondent; Erica U. (Anonymous), appellant.

Leighton M. Jackson, New York, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Douglas H. Reiniger of counsel), for respondent.
Cheryl Gammone, Staten Island, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Richmond County (Allison M. Hamanjian, J.), dated August 23, 2021. The order of disposition, after a fact-finding hearing, and upon the mother's failure to appear at the dispositional hearing, inter alia, terminated the parental rights of the mother and transferred guardianship and custody of the subject child to Forestdale, Inc., and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from a decision dated March 10, 2021, is deemed to be a premature notice of appeal from the order of disposition (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest below (see id. § 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Forestdale, Inc. (hereinafter the Agency), commenced the instant proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of permanent neglect. In a decision of fact-finding dated March 10, 2021, made after a hearing at which the mother testified, the Family Court found that the mother had permanently neglected the subject child, and scheduled the matter for a dispositional hearing. In a subsequent order of disposition dated August 23, 2021, following a hearing at which the mother defaulted by failing to appear, the court, inter alia, terminated the parental rights of the mother and transferred guardianship and custody of the subject child to the Agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
Since the order of disposition appealed from was made upon the mother's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621; Matter of Marchella P. [Loretta B.-B.], 137 AD3d at 1288). Accordingly, review is limited to the Family Court's finding that the mother permanently neglected the subject child.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725 [internal quotation marks omitted]). "Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (id. at 725-726 [internal quotation marks omitted]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580; Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842).
Here, the Agency met its burden of establishing that the mother had permanently neglected the child (see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733-734). Contrary to the mother's contention, the Agency established that it made diligent efforts to strengthen the parental relationship between the mother and the child by, among other things, developing an appropriate service plan, scheduling regular parental access between the mother and the child, and referring the mother to programs for parenting, as well as mental health treatment and substance-abuse screenings (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692-693; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692). The record showed that, despite the Agency's diligent efforts, the mother failed to plan for the return of the child as she, inter alia, failed to successfully attend or complete parenting programs, mental health treatment and substance-abuse screenings, and did not consistently attend scheduled parental access. Accordingly, the Family Court correctly found that the mother permanently neglected the child.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court