Matter of Alexis M. B. (Jaclyn R. P.) (2024 NY Slip Op 00624)

Matter of Alexis M. B. (Jaclyn R. P.)

2024 NY Slip Op 00624

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-06704
 (Docket Nos. B-16870-19, V-4242-21)

[*1]In the Matter of Alexis M. B. (Anonymous). New York Foundling Hospital, respondent; Jaclyn R. P. (Anonymous), appellant (and another proceeding).

Elliot Green, Brooklyn, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Riti P. Singh, Peter S. Julian, Harry P. Koulos, Vincent Chiappini, and Dana N. Stowe of counsel), attorney for the child.

DECISION & ORDER
In related proceedings, inter alia, pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated July 20, 2022. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the New York City Administration for Children's Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The New York Foundling Hospital (hereinafter the agency) commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, at which the mother testified, the Family Court determined that the agency established by clear and convincing evidence that the child was a permanently neglected child. After a dispositional hearing, the court found that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption. In an order of fact-finding and disposition dated July 20, 2022, the court, inter alia, found that the mother had permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the agency and the New York City Administration for Children's Services for the purpose of adoption. The mother appeals.
In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate "'by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]; see Matter of Skylah R. [Heather S.], 211 AD3d 1027, 1028; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731). Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan [*2]for the child's future, although physically and financially able to do so (see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726; Matter of Samantha B. [Cynthia J.], 159 AD3d 1006, 1008). A parent who only "'partially complie[s] with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future'" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954).
Here, the agency met its burden of establishing that the mother had permanently neglected the child. Contrary to the mother's contention, the agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by forming a service plan that served the needs of the mother, scheduling parental access, and providing referrals to programs for the mother (see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). The record shows that despite the agency's diligent efforts, the mother failed to maintain contact with the agency, as there were several periods where the mother did not have any contact with the agency, did not complete any required programs but for one, did not consistently attend parental access sessions, and continued to test positive for drugs (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d at 954).
The mother's remaining contention is unpreserved for appellate review (see Matter of Nyasia E.R. [Michael R.], 121 AD3d 792, 794).
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court