Matter of Kasey R.L.R. (Sharreise B.) (2024 NY Slip Op 06346)

Matter of Kasey R.L.R. (Sharreise B.)

2024 NY Slip Op 06346

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00451
2024-02020
2024-02021
 (Docket Nos. B-29824-19, B-29825-19, B-29826-19)

[*1]In the Matter of Kasey R. L. R. (Anonymous). New York Foundling Hospital, respondent; Sharreise B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kayla S. B. (Anonymous). New York Foundling Hospital, respondent; Sharreise B. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Shanessa B. B. (Anonymous). New York Foundling Hospital, respondent; Sharreise B. (Anonymous), appellant. (Proceeding No. 3)

Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.) (one as to each child), all dated November 21, 2023. The orders of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The children Shanessa B. and Kayla B. have been in kinship foster care with their great-aunt since 2011, and the child Kasey R. L. has been in kinship foster care with the great-aunt since 2012, six days after he was born. In October 2019, the petitioner commenced these proceedings to terminate the mother's parental rights to the children on the ground of permanent [*2]neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate 'by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680, quoting Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960 [internal quotation marks omitted]). "'Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 774-775, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [alteration omitted]; see Matter of Kamiah J.N.H. [Katrina H.], 220 AD3d 861, 862). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961).
Here, the petitioner established that it made referrals for the mother to Mental Illness and Controlled-Substance Abuse programs, drug treatment services, drug screenings, and mental health treatment, as well as facilitated supervised parental access between the mother and the children. Thus, the petitioner made diligent efforts to strengthen the parent-child relationship (see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680). However, the mother did not take advantage of those referrals before the petitions were filed, did not cooperate with and failed drug screenings, and cancelled or missed more than half of the supervised parental access sessions. The record shows that, despite the petitioner's efforts, the mother failed to establish that she maintained contact with the children or planned for the children's future (see id. at 681).
"At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there is no presumption that those interests will be served best by any particular disposition" (Matter of Camila G.C. [Matthew C.], 229 AD3d 461, 461). "'The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955, quoting Matter of William S.L. [Julio A.L.], 195 AD3d 839, 843; see Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 756).
Here, the evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the children (see Matter of Camila G.C. [Matthew C.], 229 AD3d at 462). Further, the record supports the Family Court's determination that the children's best interests would be served by freeing the children for adoption by their great-aunt, with whom the children have bonded and have resided over a prolonged period of time (see Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 659; Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 877).
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court