Matter of Ella Elizabeth V. (Reginald P.) (2025 NY Slip Op 00103)

Matter of Ella Elizabeth V. (Reginald P.)

2025 NY Slip Op 00103

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10317
2023-10320
2023-10322
 (Docket No. B-2337-21)

[*1]In the Matter of Ella Elizabeth. (Anonymous). Coalition for Hispanic Family Services, petitioner- respondent; Reginald P. (Anonymous), appellant, et al., respondent.

Helene Bernstein, Brooklyn, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Rebecca L. Mendel of counsel), for petitioner-respondent (no brief filed).
Twyla Carter, New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated May 17, 2023, (2) an order of the same court dated October 4, 2023, and (3) an order of fact-finding and disposition of the same court dated October 25, 2023. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father permanently neglected the subject child. The order, insofar as appealed from, after a dispositional hearing, determined that it was in the subject child's best interests to terminate the father's parental rights and free the subject child for adoption. The order of fact-finding and disposition, insofar as appealed from, upon the order of fact-finding and the order, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeals from the order of fact-finding and the order are dismissed, without costs or disbursements, as the portions of those orders appealed from were superseded by the order of fact-finding and disposition and are brought up for review on the appeal from the order of fact-finding and disposition; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. After a fact-finding hearing, at which the father testified, the Family Court found that the father permanently neglected the child. After a dispositional hearing, the court determined that it [*2]was in the child's best interests to terminate the father's parental rights and free the child for adoption. In an order of fact-finding and disposition dated October 25, 2023, the court, among other things, found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
In a proceeding to terminate parental rights on the ground of permanent neglect, the agency must demonstrate "'by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 657; Matter of Skylah R. [Heather S.], 211 AD3d 1027, 1028). Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726; Matter of Samatha B. [Cynthia J.], 159 AD3d 1006, 1008). A parent who only "'partially complie[s] with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future'" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961, quoting Matter of Shimon G. [Batsheva G.], 206 AD3d at 733; see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 876).
Here, the petitioner met its burden of establishing that the father permanently neglected the child. Contrary to the father's contention, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by forming a service plan that served the needs of the father, scheduling parental access, and providing referrals to programs for the father (see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961). The record shows that despite the petitioner's diligent efforts, the father did not comply with his service plan, as he failed to provide adequate proof of housing and income during the relevant time period (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954). Moreover, while there was evidence that the father had commenced various services to which he was referred by the petitioner as part of his service plan, there was inadequate proof that he completed all of them. The record also demonstrates that the father did not engage fully in the parental access offered to him and, instead, for example, often limited virtual visits to a few minutes. Further, the evidence adduced at the dispositional hearing established that termination of the father's parental rights was in the child's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005).
The father's contention that the Family Court should have granted him a suspended judgment, rather than terminate his parental rights, is unpreserved for appellate review and, in any event, without merit (see Matter of Camila G. C. [Matthew C.], 229 AD3d 461; Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690). Contrary to the father's contention, a suspended judgment would not be in the best interests of the child, as she has lived with her foster parent, who has provided a stable and loving home, almost her entire life, and a suspended judgment would only prolong the delay of stability and permanence in her living situation (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1080).
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court