Matter of Jack T. (Carmen H.) (2025 NY Slip Op 00229)

Matter of Jack T. (Carmen H.)

2025 NY Slip Op 00229

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-12040
2023-12043
 (Docket Nos. B-6645-18, B-3723-19)

[*1]In the Matter of Jack T. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Carmen H. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Jordynn L. T. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Carmen H. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)

Brooklyn Defender Services, Brooklyn, NY (Nila Natarajan and Amy Mulzer of counsel), for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.) (one as to each child), both dated November 13, 2023. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner, HeartShare St. Vincent's Services (hereinafter the agency), commenced these proceedings, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found, among other things, that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence [*2]that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 876 [internal quotation marks omitted]; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; Matter of William E.P. [Monasha A.B.], 137 AD3d 918, 919). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 876 [internal quotation marks omitted]; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 960). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 876 [internal quotation marks omitted]; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 960).
Here, the agency met its burden of establishing that the mother permanently neglected the children. The agency demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the mother's relationship with the children by formulating a service plan that served the needs of the mother, providing referrals to programs for the mother, explaining the importance of compliance with the mother's service plan, assisting her in accessing a domestic violence shelter, and facilitating parental access between the mother and the children (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d at 876; see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 960; Matter of William E.P. [Monasha A.B.], 137 AD3d at 919). Moreover, the record shows that the mother failed to plan for the children's futures, despite the agency's diligent efforts, as she only partially complied with her service plan. Accordingly, the Family Court properly found that the mother permanently neglected the children.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court