Matter of Messiah S.E. (Micquella E.) (2025 NY Slip Op 01925)

Matter of Messiah S.E. (Micquella E.)

2025 NY Slip Op 01925

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03995 
2024-04000
2024-04003
 (Docket Nos. B-22801-19, B-22846-19, B-22879-19)

[*1]In the Matter of Messiah S. E. (Anonymous). SCO Family of Services, respondent; Micquella E. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Malaysa E. (Anonymous). SCO Family of Services, respondent; Micquella E. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Mykell L. E. (Anonymous). SCO Family of Services, respondent; Micquella E. (Anonymous), appellant. (Proceeding No. 3)

Chinyere U. Eze-Nliam, Jamaica, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Andrew T. Ford, and Carolyn Silvers of counsel), attorney for the children.

In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Margaret Morgan, J.) (one as to each child), all dated May 13, 2024. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the three subject children on the [*2]ground of permanent neglect. In three orders of fact-finding and disposition dated May 13, 2024, one as to each child, the Family Court, after fact-finding and dispositional hearings, found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"To constitute a business record exception to the hearsay rule, the proponent of the record must first demonstrate that it was within the scope of the entrant's business duty to record the act, transaction or occurrence sought to be admitted" (Matter of Leon RR, 48 NY2d 117, 122; see CPLR 4518[a]; Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1030). "In addition, each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception" (Matter of Leon RR, 48 NY2d at 122; see Matter of Sincere S. [Jahquan S.], 176 AD3d 1072, 1074).
Here, during the fact-finding hearing, the petitoner submitted, through its witness's testimony, its progress notes. A "proper foundation for the admission of" the progress notes "was laid by the testimony" of the petitioner's witness (Matter of James M.B. [Claudia H.], 155 AD3d at 1030), who testified that the progress notes were prepared in the ordinary course of the petitioner's business, that she was familiar with the petitioner's record-keeping practices, and that anyone who worked on a case was required to make entries. Accordingly, the progress notes were properly admitted into evidence as a business record (see id.).
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 680). Once the agency demonstrates that it made diligent efforts to encourage and strengthen the parental relationship, "it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680).
Here, the petitioner met its burden of establishing that the mother permanently neglected the three children. Contrary to the mother's contention, the petitioner demonstrated by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship by forming a service plan that addressed the mother's needs, providing referrals for the mother to various programs, informing the mother of the development of the children, and assisting her in acquiring stable housing. Despite the petitioner's diligent efforts, the mother did not comply with her service plan, as she failed to engage with and benefit from services provided to her, to regularly visit the children, to submit for drug screenings, and to maintain consistent contact with the petitioner during the relevant time period.
Family Court Act § 1033-b(1)(b) requires the court, at an initial appearance based on a petition filed pursuant to Family Court Act article 10, "to, among other things, advise [the] respondent of the allegations in the petition" (Matter of Timothy K. Jr. [Timothy K.], 225 AD3d 700, 701 [internal quotation marks omitted]). Here, the mother was not read the allegations in the petitions at her initial court appearance. Notwithstanding, "[t]here is no indication that the [mother], who was aided by counsel, was not fully aware of the contents of the petition[s] at the time of [her] first appearance" (id. at 702). The mother testified at the fact-finding hearing that she understood that these proceedings were initiated because the oldest child sustained burns. She also testified that she knew what was required of her to regain custody of her children and the consequences of her [*3]failure to comply with her service plan.
The mother's contention that the Family Court should have granted her a suspended judgment, rather than terminate her parental rights, is without merit. Contrary to the mother's contention, a suspended judgment was not warranted under the circumstances since it "would [have] only prolong[ed] the delay of stability and permanence in [the children's] living situation," and the best interests of the children were to be freed for adoption (Matter of Ella Elizabeth V. [Reginald P.], 234 AD3d 703, 705; see Matter of Destiny B.-R. v Juan A.R., 231 AD3d 944, 945).
The mother's contention that the Family Court should have ordered post-termination parental access is also without merit. A court may order post-termination parental access "when the termination of parental rights results from a voluntary surrender under Social Services Law § 383-c, but an adversarial proceeding pursuant to Social Services Law § 384-b does not offer such option" (Matter of Allyana J. [Sophia Y.], 232 AD3d 896, 897-898). Here, since the mother's parental rights were terminated as a result of an adversarial proceeding, the "Family Court ha[d] no authority to permit post-termination [parental access] between" her and the children (Matter of Destiney D.M.L. [Jose L.], 170 AD3d 838, 839; see Matter of "Baby Boy" I. v Edna I., 166 AD3d 975, 975).
The mother's remaining contentions are without merit.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court