Matter of Carlos J.G.W. (Carlos G.) (2026 NY Slip Op 00514)

Matter of Carlos J.G.W. (Carlos G.)

2026 NY Slip Op 00514

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-03720
 (Docket No. B-6862-21)

[*1]In the Matter of Carlos J. G. W. (Anonymous), Jr. Lutheran Social Services of Metro New York, respondent; Carlos G. (Anonymous), Sr., et al., appellants.

Helene Bernstein, Brooklyn, NY, for appellant Carlos G., Sr.
Nestor Soto, Astoria, NY, for appellant Jessica W.
The Law Offices of James Cortazzo, P.C., Mineola, NY (Dwight A. Kennedy of counsel), for respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals, and the father separately appeals, from an order of disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated April 16, 2024. The order of disposition, upon an order of fact-finding of the same court dated April 11, 2024, made after a fact-finding hearing, finding that the mother and the father permanently neglected the subject child, and after a dispositional hearing, terminated their parental rights and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the mother and the father to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the parents permanently neglected the child, terminated their parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046 [internal quotation marks omitted]; see Social Services Law § 384-b[4][d]; [7][a], [f]). "Once an agency demonstrates that it made diligent efforts to encourage and strengthen the parental relationship, the agency bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's [*2]future, although physically and financially able to do so" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d at 1046; see Social Services Law § 384-b[7][a]; Matter of Jack T. [Carmen H.], 234 AD3d 782, 783). "'[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time'" (Matter of Asia M.A. [Nia H.], 238 AD3d 1135, 1136 [internal quotation marks omitted], quoting Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d 759, 760). "[A] parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Chiamaka B.O. [Stanley N.O.], 235 AD3d at 761 [internal quotation marks omitted]).
Here, the petitioner met its burden of establishing that the mother and the father permanently neglected the child. Contrary to the parents' contention, the petitioner demonstrated that it made diligent efforts to strengthen the parent-child relationship by, among other things, developing a service plan that served the needs of the parents, scheduling regular parental access between the parents and the child, and providing referrals to programs for the parents (see Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 961). Moreover, the record shows that, despite the petitioner's diligent efforts, the parents failed to plan for the child's return, since, among other things, the parents failed to gain insight into the issues that led to the child's removal (see Matter of Asia M.A. [Nia H.], 238 AD3d at 1137; Matter of Alice Z. [Lin Z.], 225 AD3d 887, 888).
The evidence adduced at the dispositional hearing established that termination of the parental rights of the mother and the father was in the best interests of the child (see Matter of Christian M.L. [Christopher M.L.], 238 AD3d 761, 762). Contrary to the parents' contention, a suspended judgment would not be in the child's best interests, as such a disposition would "only prolong the delay of stability and permanenc[y]" (id. [internal quotation marks omitted]; see Matter of Ruth C. [Jaslene C.], 226 AD3d 677, 679-680). Further, the record supports the Family Court's determination that the best interests of the child would be served by freeing him for adoption by his foster parents, with whom the child has bonded and resided over a prolonged period of time (see Matter of Christian M.L. [Christopher M.L.], 238 AD3d at 763; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
The mother's remaining contentions are without merit.
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court